IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MING HUI LU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-1100-GBL-MSN |
| ) | |
| LORETTA LYNCH, Attorney General, U.S. ) | |
| Department of Justice, ) | |
| ) | |
| JEH JOHNSON, Secretary, U.S. Department ) | |
| of Homeland Security, ) | |
| ) | |
| MICHAEL KORANSKY, Field Office ) | |
| Director Immigration and Customs ) | |
| Enforcement, ) | |
| ) | |
| MATTHEW MUNROE, Field Office Director ) | |
| Immigration and Customs Enforcement, ) | |
| ) | |
| JOHN R. KUPLINSKI, Superintendent, ) | |
| Virginia Peninsula Regional Jail, ) | |
| ) | |
| JAMES MADDOX, SDDO, Immigration and ) | |
| Customs Enforcement, ) | |
| ) | |
| DEPORTATION OFFICER GRITTY, ) | |
| Immigration and Customs Enforcement, ) | |
| ) | |
| Respondents. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Respondent John R. Kuplinski, Superintendent, Virginia Peninsula Regional Jail ("Respondent") (Doc. 16). This is a habeas corpus action initiated by Petitioner Ming Hui Lu, who alleges that he fled China to escape persecution and that he should be granted asylum in the United States. Petitioner was convicted of immigration

fraud and he is being held at the Virginia Peninsula Regional Jail while he faces removal from the United States.

The issue before the Court is whether Petitioner's habeas corpus petition, which challenges his detention pending his possible removal from the United States pursuant to federal immigration law, properly names Respondent, the superintendent of the regional jail where Petitioner is detained.

The Court **DENIES** Respondent's Motion to Dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure (Doc. 16) for three reasons. First, pursuant to the general rule that a habeas petition must name the one individual with day-to-day control and immediate custody over the petitioner, Petitioner properly names Respondent, the warden of the jail in which Petitioner is held.

Second, this rule applies even though Petitioner is in custody because he is facing immigration proceedings governed by federal law. Specifically, Congress has not created a separate procedure for petitions brought pursuant to 28 U.S.C. § 2241. Furthermore, courts have considered whether a habeas petition challenging immigration proceedings may name federal officials, such as the Attorney General. However, those courts have not expressly stated that habeas petitions should <u>not</u> name the immediate custodians of immigration detainees.

Third, the general rule applies even though Petitioner is challenging the underlying immigration proceedings. As stated above, the Respondent has immediate custody of Petitioner, and neither Congress nor courts have recognized an exception for such habeas petitions.

2

## I. BACKGROUND

Petitioner Ming Hui Lu came to the United States on or about March 31, 2000, allegedly to escape persecution in China. (Doc. 1, at 5). On February 13, 2001, an immigration judge denied Petitioner's application for asylum. (*Id.*, at 6). Despite this adverse ruling, Petitioner remained in the United States. (*Id.*) On or around 2014, Petitioner pled guilty to participating in a conspiracy to obtain lawful status in the United States. (*Id.*) In February 2015, Petitioner's criminal case concluded, federal immigration officials took custody of Petitioner, and they commenced proceedings to remove Petitioner from the United States. (*Id.*) Petitioner has filed several appeals contesting his removal from the United States. (Doc. 18, at 18-39). The United States Court of Appeals for the Second Circuit is currently considering his Petition for Review of the Board of Immigration Appeals's decision dismissing his Motion to Reopen, filed on June 8, 2015. (Doc. 1, at 8).

On August 26, 2015, Petitioner filed a habeas corpus petition naming the following individuals as Respondents: Loretta Lynch, Attorney General, U.S. Department of Justice; Jeh Johnson, Secretary of the U.S. Department of Homeland Security; Michael Koransky, Field Office Director, Immigration and Customs Enforcement; Matthew Munroe, Filed Office Director, Immigration and Customs Enforcement; John R. Kuplinski, Superintendent, Virginia Peninsula Regional Jail; James Maddox, Supervisory Detention and Deportation Officer, Immigration and Customs Enforcement; and "Deportation Officer Gritty," Immigration and Customs Enforcement. (Doc. 1). On October 20, 2015, Respondent John R. Kuplinski, Superintendent, Virginia Peninsula Regional Jail ("Respondent") filed a Motion to Dismiss (Doc. 16). Respondent's motion is now properly before this Court.

## II. DISCUSSION

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 120 S. Ct. at 1949; *Twombly*, 550 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Maktari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be

supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n.3.

### B. Analysis

The Court **DENIES** Respondent's Motion to Dismiss for three reasons. First, a habeas petition generally must name the individual with day-to-day control and immediate custody over the petitioner. Respondent, the superintendent of the regional jail where Petitioner is held, is the immediate custodian.

Second, an individual detained pending immigration proceedings should still abide by this general rule. Specifically, the circuits may disagree as to whether a detainee's habeas petition may name the Attorney General, who has significant control over immigration proceedings. However, the circuits agree that a detainee's immediate custodian – whether that is the warden of a state prison or the Immigration and Naturalization Services District Director presiding over a federal detention center – should be named in a detainee's habeas petition.

Third, whether a detainee challenges his immediate custody or the validity of the immigration proceedings, he must still name his immediate custodian. This individual is the proper respondent because he can produce the detainee to the court.

#### 1. A Habeas Petition Generally Must Name the Person With Day-to-Day Control and Immediate Custody of the Person Filing the Habeas Petition.

The Court denies Respondent's Motion to Dismiss because a prisoner generally must address his habeas petition to his immediate custodian. Respondent, the Superintendent of the Virginia Peninsula Regional Jail, is the Petitioner's immediate custodian. Under the immediate custodian rule, he is the proper respondent to Petitioner's habeas petition. Therefore, the Court denies Respondent's Motion to Dismiss.

The federal habeas statute provides that "an application for a writ of habeas corpus . . . shall allege . . . the name of the person who has custody over" the prisoner. 28 U.S.C. § 2242. It also provides that "the writ . . . shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. In *Rumsfeld v. Padilla*, the Supreme Court found that the federal habeas statute's consistent reference to a single "person" with custody over the prisoner indicates that "there is generally only one proper respondent to a given prisoner's habeas petition." 542 U.S. 426, 434 (2004). This respondent is the "'the person' with the ability to produce the prisoner's body before the court." *Id. See also Wales v. Whitney*, 114 U.S. 564, 574 (1885) (finding that the proper respondent will have "the power to produce the body of [the prisoner] before the court or judge"); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973) (internal citations omitted) (explaining that a habeas petition is "directed to, and served upon, not the person confined, but his jailer"). Therefore, in *Padilla*, the Supreme Court held:

> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

542 U.S. at 435. In *Padilla*, the Supreme Court applied this general rule and held that a suspected terrorist held on a navy ship must address his habeas petition to his immediate custodian – the ship's commander – rather than the Secretary of Defense or the President of the United States. *Id.* at 436.

The Fourth Circuit also applies the "immediate custodian" rule. In *United States v. Poole*, the Fourth Circuit held that a habeas petition must name the custodian at the prisoner's "original place of incarceration," even if the prisoner is temporarily "loaned" to other authorities. 531 F.3d 263, 275 (4th Cir. 2008). In *Poole*, the United States District Court for the District of

Maryland sentenced the prisoner to 262 months' imprisonment in a federal prison in Kentucky. *Id.* at 266. The district court sent the prisoner to the Kentucky prison, but then granted the prisoner's request to be temporarily transferred to a Maryland prison so he could file a habeas petition, naming the Maryland prison's warden, in that same district court. *Id.* at 268. The Fourth Circuit reversed the district court's decision. *Id.* at 271. The Fourth Circuit found that the Kentucky prison was the prisoner's "original place of incarceration," which was improperly ordered to "loan" the prisoner to the Maryland prison. *Id.* at 271-72. However, the prisoner was "slated to return" to the Kentucky prison. *Id.* Therefore, the Kentucky prison's warden remained his "immediate custodian" and was the only proper respondent to his habeas petition. *Id.* at 275.

The Fourth Circuit has also held that a prisoner's "immediate custodian" may change if the prisoner is legitimately transferred to another place of incarceration. *United States v. Little*, 392 F.3d 671, 680 (2004). In *Little*, the prisoner had named the warden of the federal prison in North Carolina in which he was held, but before the district court considered his petition, the prisoner was legitimately transferred to a federal medical center in Texas. *Id.* at 675. Because the North Carolina prison's warden no longer had control over the prisoner, the warden was not a proper respondent to the habeas petition. *Id.* at 680. The district court dismissed the habeas petition without prejudice and the Fourth Circuit affirmed. *Id.*

The Fourth Circuit has recognized one limited exception for habeas petitions that is not applicable to the present case. *United States v. Moussaoui*, 382 F.3d 453, 464-65 (4th Cir. 2004). In *Moussaoui*, the Fourth Circuit provided that a habeas petition generally should name the prisoner's immediate custodian, but if the immediate custodian is unknown, the habeas petition can name an "ultimate custodian" with power to release the prisoner. *Id.* at 465 (finding

that the prisoners were in military custody, their immediate custodian was unknown, and therefore, the Secretary of Defense was a proper respondent). *See also Padilla*, 542 U.S. at 439 (explaining that a "core" habeas challenge normally must address the immediate custodian: "identification of the person exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody'"); *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986) (Bork, J.) (explaining that if the immediate custodian is unknown, naming him or her is "impossible").

These cases establish that generally, a prisoner must address his habeas petition to his "immediate custodian." The immediate custodian is the warden or superintendent of the jail where the prisoner is originally incarcerated, unless the prisoner is transferred to another jail. However, in *Moussaoui*, the Fourth Circuit did allow a habeas petition to the Secretary of Defense, because the prisoners' immediate custodian was unknown.

In the present case, Petitioner is in the "immediate custody" of Respondent, the Superintendent of the Virginia Peninsula Regional Jail. Under the general rule, Petitioner's habeas petition must be addressed to Respondent. Therefore, the Court denies Respondent's Motion to Dismiss.

### 2. The Immediate Custodian Rule Applies To A Habeas Petition Filed By An Individual Detained During Immigration Proceedings.

The Court also denies Respondent's Motion to Dismiss because a petitioner facing removal from the United States must still address his habeas petition to his immediate custodian. In *Padilla*, the Supreme Court left open to question whether a detainee's petition may name federal officials, such as the Attorney General. Lower courts are in disagreement over this issue. However, those lower courts have not questioned the assumption that a detainee's petition must name his immediate custodian. Therefore, the Court denies Respondent's Motion to Dismiss.

In *Padilla*, the Supreme Court recognized that since 1948, it has "left open the question whether the Attorney General is a proper respondent to a habeas petition" filed by a person detained during immigration proceedings. 542 U.S. at 435 (citing *Ahrens v. Clark*, 335 U.S. 188 (1948)). The Supreme Court explained:

> The lower courts have divided on this question, with the majority applying the immediate custodian rule and holding that the Attorney General is not a proper respondent. *Compare Robledo-Gonzalez v. Ashcroft*, 342 F.3d 667 (7th Cir. 2003) (Attorney General is not a proper respondent); *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003) (same); *Vazquez v. Reno*, 233 F.3d 688 (1st Cir. 2000) (same); *Yi v. Maugans*, 24 F.3d 500 (3rd Cir. 1994) (same) *with Armentero v. INS*, 340 F.3d 1058 (9th Cir. 2003) (Attorney General is proper respondent).

*Id.* at 435, n.8. As referenced above, the majority of circuits applied the immediate custodian rule and held that the Attorney General was not the proper respondent to detainee's habeas petition. Only the Ninth Circuit held that a detainee's habeas petition may name the Attorney General. Subsequently, the Ninth Circuit withdrew *Armentero* and agreed to rehear the case, 382 F.3d 1153, but the detainee fled custody and the Ninth Circuit dismissed his appeal. 412 F.3d 1088. Therefore, it is unclear whether a circuit split still exists: the remaining cases all hold that the Attorney General is not a proper respondent to a detainee's habeas petition.

Even if courts disagree whether a petitioner facing removal proceedings may name federal officials, courts agree that a petitioner facing removal proceedings must name his immediate custodian. A detainee in a state prison is in the "immediate custody" of the state prison's warden. *See, e.g., Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006); *Robledo-Gonzalez v. Ashcroft*, 342 F.3d 667 (7th Cir. 2003); *Yi v. Maugans*, 24 F.3d 500 (3rd Cir. 1994). In contrast, a detainee in a federal detention center is in the "immediate custody" of the INS District Director with authority over that center. *See, e.g., Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003); *Vazquez v. Reno*, 233 F.3d 688 (1st Cir. 2000). *But see Henderson v. INS*, 157 F.3d

106 (1998) (finding that the INS District Director presiding over the federal detention center had "primary custody" of two individuals facing removal, but not deciding whether the INS District Director was the proper respondent to their habeas petitions).

In the present case, Petitioner is held in a state prison: the Virginia Peninsula Regional Jail. His "immediate custodian" is the warden or superintendent of that jail. The jail does not have a warden, therefore, the only immediate custodian is Respondent. Therefore, he is properly named in Petitioner's habeas petition. Accordingly, the Court denies Respondent's Motion to Dismiss.

### 3. The Immediate Custodian Rule Applies Whether The Petitioner Challenges His Immediate Custody or the Underlying Removal Proceedings.

The Court also denies Respondent's Motion to Dismiss because the "immediate custodian" rule applies even when the habeas petition challenges federal officials' proceedings to remove the petitioner from the United States. Even if the immediate custodian is not responsible for the underlying removal proceedings, he is in the best position to bring the petitioner to court. Furthermore, it is beneficial to have one easily administrable rule for addressing habeas petitions. Therefore, the Court denies Respondent's Motion to Dismiss.

A detainee's habeas petition may challenge either his immediate detention or the removal proceedings. However, the "immediate custodian" rule applies in either case.

A detainee's habeas petition challenging his immediate detention must name his immediate custodian, the state prison's warden or superintendent. In *Turay v. Kavanaugh*, the prisoner was held in a Maryland state detention center while awaiting removal from the United States. Civil Action No. RDB-14-227, 2014 U.S. Dist. LEXIS 152470, *1 (D. Md. Oct. 27, 2014). In *Turay*, the prisoner filed a habeas petition naming the Maryland prison's warden, several Immigration and Customs Enforcement Officials, and the Secretary of Homeland

Security. *Id.* The district court wrote, "Turay is seeking solely habeas relief and does not challenge his underlying removal proceedings . . . [c]onsequently, the only proper respondent is his custodian, Jack Kavanaugh, Director of the Howard County Detention Center." *Id.* at *2, n. 2. Therefore, the district court summarily dismissed the federal immigration officials. *See also Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006) (habeas petition challenging constitutionality of "excessive detention").

Similarly, a detainee's habeas petition challenging his pending removal from the United States must also name his immediate custodian. No court within the Fourth Circuit has reviewed this issue. However, In *Yi v. Maugans*, the United States Court of Appeals for the Third Circuit found that a detainee challenging his exclusion from the United States improperly addressed his habeas corpus petition to the INS District Director, rather than the warden of the state prison in which he was held. 24 F.3d 500, 507 (3rd Cir. 1994). The Third Circuit Court of Appeals applied the general rule that a habeas corpus petition's proper respondent is "the warden of the prison or the facility where the detainee is held," because that individual has "day-to-day control over the prisoner and can produce the actual body." *Id.* A habeas corpus petition should not name higher authorities, such as the INS District Director or the Attorney General. *Id.* Those individuals do not exercise "day-to-day control" over the detainee, although they could order the detainee's release. *Id.* The Third Circuit Court of Appeals did not focus on the "power to release," because if that was the key factor, "the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons." *Id.* Therefore, the Third Circuit Court of Appeals applied the general rule that a habeas corpus petition must name a detainee's "immediate custodian," even when it challenges federal immigration proceedings. *Id.*

11

Unlike in *Turay*, in the present case, the detainee *is* challenging his underlying removal proceedings. Therefore, this is a matter of first impression within the Fourth Circuit. However, in *Yi*, the Third Circuit Court of Appeals found that a detainee opposing his removal from the United States must address his habeas petition to his immediate custodian: the warden of the state prison where he was held. 24 F.3d at 507. This Court adopts the Third Circuit Court of Appeals' reasoning in *Yi*, and finds that the "immediate custodian" rule even applies when the detainee is challenging his removal from the United States. Therefore, the Court denies Respondent's Motion to Dismiss.

### III. CONCLUSION

The Court **DENIES** Respondent's Motion to Dismiss (Doc. 16) because a petitioner generally must address his habeas petition to his immediate custodian. An individual detained while awaiting immigration proceedings governed by federal law must follow this general rule, regardless of whether he challenges his immediate custody or the underlying immigration proceedings. Therefore, Respondent John R. Kuplinski is properly named in this action.

Accordingly, **IT IS HEREBY ORDERED** that Respondent's motion (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 7th day of December, 2015.

Alexandria, Virginia

12/7 / 2015

/s/
Gerald Bruce Lee
United States District Judge